**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESAU YASMIN FLORES, | No. 11-70926 |
| Petitioner, | Agency No. A088-359-697 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Esau Yasmin Flores, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of Flores's CAT claim because Flores failed to establish it is more likely than not he would be tortured by or with the consent of the government if returned to El Salvador. *See id* at 1073.

In denying Flores's withholding of removal claim, the agency found Flores failed to establish past persecution or a likelihood of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Flores's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

11-70926

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**